IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

TONY DAVIS                                                                                    PLAINTIFF

V.                                                         CIVIL ACTION NO.: 4:18CV54-GHD-DAS

SUPT. MARSHALL TURNER, ET AL.                                                      DEFENDANTS

## ORDER DENYING MOTION FOR INJUNCTIVE RELIEF

Before the Court is the motion of the plaintiff, Tony Davis, for a preliminary injunction, in which he requests that the Mississippi Department of Corrections ("MDOC") be ordered to treat him for Hepatitis C that he allegedly contracted in MDOC custody due to unsanitary barbering practices. Doc. #7.

To receive a preliminary injunction, a movant must show: "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) the threatened injury to the movant outweighs the threatened harm to the party sought to be enjoined; and (4) granting the injunctive relief will not disserve the public interest." *City of Dallas v. Delta Air Lines, Inc.*, 847 F.3d 279, 285 (5th Cir. 2017). It is "an extraordinary remedy and should not issue except upon a clear showing of possible irreparable injury." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976); *see also Mississippi Power & Light v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir.1985) ("The decision to grant a preliminary injunction is to be treated as the exception rather than the rule").

In this lawsuit, Davis alleges that he has been denied a constitutionally-secured right to medical care. However, the Court may only find such a right violated where prison officials act with deliberate indifference toward an inmate's medical needs. *Estelle v. Gamble*, 429 U.S. 97,

103-04 (1978). Under this standard, a state actor is not liable unless the plaintiff alleges facts which, if true, would demonstrate that the prison official (1) knew that the inmate faced a substantial risk of serious harm; and (2) disregarded that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). As such, liability under the deliberate indifference standard requires the plaintiff to produce evidence that prison officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any other similar conduct that would clearly evince a wanton disregard for any serious medical needs. *Davidson v. Texas Dept. of Crim. J.*, 91 F. App'x 963, 965 (5th Cir. 2004) (quotation marks and citation omitted).

The contents of the instant motion and documents attached thereto make it apparent that Davis is receiving lab work and chronic care monitoring for Hepatitis C, and he has been advised that "treatment will be based on established criteria if it is deemed appropriate" after medical review. *See* Doc. #7 at 14. Davis' subjective belief that he should be receiving further medical intervention is insufficient to establish deliberate indifference, as whether to provide additional treatment for a condition "is a classic example of a matter for medical judgment." *Estelle*, 429 U.S. at 107. Accordingly, Davis cannot establish a substantial likelihood of success on the merits of his claim that he is being denied medical care, and the extraordinary remedy of injunctive relief is inappropriate under these circumstances. Therefore, Davis' motion [7] is **DENIED**.

**SO ORDERED,** this 25 day of June, 2018.

/s/ Glen H. Davidson
**UNITED STATES DISTRICT JUDGE**