IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**TONY DAVIS**                                                                             **PLAINTIFF**

**V.**                                             **CIVIL ACTION NO.: 4:18CV54-GHD-DAS**

**SUPT. MARSHALL TURNER, ET AL.**                                     **DEFENDANTS**

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Report and Recommendation of the United States Magistrate Judge dated October 15, 2018, and Plaintiff's objections thereto. *See* Docs. #20 & #33.

### Background

Plaintiff, a prisoner proceeding *pro se*, filed the instant civil rights lawsuit under 42 U.S.C. § 1983 against the Mississippi Department of Corrections ("MDOC"), MDOC's Superintendent, MDOC's contract medical provider, and that entity's medical director. *See* Doc. #1. In his lawsuit, Plaintiff claims that he contracted Hepatitis C through MDOC's unsanitary barbering practices, and that he is being denied treatment for his disease. Following a *Spears* hearing, the magistrate judge entered a Report and Recommendation in which it was recommended that Plaintiff's claim regarding unsanitary barbering practices be dismissed as barred by the applicable statute of limitations and that Plaintiff's claim of inadequate medical care proceed against all named Defendants. *See* Doc. #20.

Aggrieved by the recommendations, Plaintiff claims that his ignorance of the statute of limitations and "continuing wrong rule" should allow his claims to proceed. *See* Doc. #33.

### Standard of Review

Where objections to a report and recommendation have been filed, a court must conduct a "de novo review of those portions of the ... report and recommendation to which the [aggrieved party] specifically raised objections. With respect to those portions of the report and

recommendation to which no objections were raised, the Court need only satisfy itself that there is no plain error on the face of the record." *Gauthier v. Union Pac. R.R. Co.*, 644 F.Supp.2d 824, 828 (E.D. Tex. 2009) (citing *Douglass v. United Serv. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996)).

## Discussion

First, the Court notes that the Report and Recommendation did not recommend dismissal of Plaintiff's denial of medical care claim against any named Defendant. *See* Doc. #20. Rather, it ordered all named Defendants to be served and respond to the allegation. *See* Doc. #19 & Doc. #21. Accordingly, Plaintiff's objection to the recommendation as to his denial of medical care claim is based on a misunderstanding of the recommendation, and any objection regarding same is overruled.

Second, the Report and Recommendation found the following regarding Plaintiff's claim of unsanitary barbering practices:

> In a § 1983 action, a district court must apply the State's general statute of limitations for personal injury actions. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Owens v. Okure*, 488 U.S. 235, 250 (1989). In Mississippi, that period is three years. *See* Miss. Code Ann. § 15-1-49; *James v. Sadler*, 909 F.2d 834, 836 (5th Cir. 1990). The accrual period for an injury "begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Pitrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (internal citations and quotations omitted). Here, that period began in 2012, but Davis waited until 2018 to bring this action. Accordingly, any claim Davis might have once had that he contacted a communicable disease through MDOC's unsanitary barbering practices is barred by the statute of limitations. This claim should be dismissed.

Doc. #20 at 2-3.

A plaintiff's ignorance of the applicable statute of limitations will not excuse its application. *See Piotrowski*, 237 F.3d at 576 ("A plaintiff need not know that []he has a legal cause of action [for a claim to accrue under § 1983]; []he need know only the facts that would ultimately support a claim."); *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th

2

Cir.1991) (finding ignorance of the law does not excuse a person's failure to comply with a statute of limitations). Plaintiff knew as of 2012 that he had contracted Hepatitis C, and he believed at that time that he had contracted it through MDOC's barbering practices. Accordingly, Plaintiff's argument that the statute of limitations should be excused due to his ignorance of the law is overruled.

The Court also finds that there is no merit to Plaintiff's claim that the continued use of allegedly unsanitary barbering practices exempts him from application of the statute of limitations. While a doctrine of continuing wrong might be applicable to Plaintiff's failure to treat his illness, it is not applicable to his claim that he contracted Hepatitis C in 2012, as that discrete injury had fully occurred by that date. *See, e.g., Walker v. Epps*, 587 F. Supp. 2d 763, 772 (N.D. Miss. 2008) (noting "[a] continuing tort sufficient to toll a statute of limitations is . . . not [occasioned] by continual ill effects from an original violation") (citing *Stevens v. Lake*, 615 So. 2d 1177, 1183 (Miss. 1993)).

## Conclusion

For the reasons set forth above, there is no merit to Plaintiff's objections, and the magistrate judge's Report and Recommendation accurately states the law. Accordingly, it is **ORDERED** that Plaintiff's objections are overruled and that the Report and Recommendation dated October 15, 2018, is **APPROVED AND ADOPTED** as the order of the Court.

THIS the 20th day of November, 2018.

/s/ Glen H. Davidson
SENIOR U.S. DISTRICT JUDGE

3