IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

TONY DAVIS                                                                                               PLAINTIFF

V.                                                                        CIVIL ACTION NO.: 4:18CV54-GHD-DAS

SUPT. MARSHALL TURNER, ET AL.                                                                DEFENDANTS

## ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

Plaintiff initiated this civil rights action arising under 42 U.S.C. § 1983 alleging that Defendants have failed to adequately treat his Hepatitis C.[1] Before the Court are the Defendants' motions for summary judgment, Plaintiff's response, and Defendants' reply thereto. *See* Docs. 52, 54, 60, and 63.

### I.
### Summary Judgment Proof

Davis was diagnosed with Hepatitis C on or about August 21, 2013. *See* Doc. #52-1 ¶ 5. After his diagnosis, Davis was enrolled in chronic care and has received ongoing, routine monitoring. *Id.* at ¶5; Doc. 52-2 p. 332, 337, 356, 400, 463-64, 513-15, 536-39, 559-64, 607-08, 610, 620-23, 632-33, 636-39, 704-08, 757-61. In October 2018, medical personnel noted in Plaintiff's records that he should receive chronic care monitoring for his Hepatitis C condition in six months, noting his condition was "stable." Doc. 52-2 p. 761.

Providing chronic care services is the standard form of treatment for Hepatitis C patients, so long as the patient's enzyme levels remain under the appropriate threshold as determined by the patient's Fibrosis-4 score. Doc. 52-1 at ¶¶ 6-7. The Fibrosis-4 score is a non-invasive testing method to measure scarring of the liver. *Id.* at ¶ 7. Once a patient's score approaches or exceeds

---

[1] An additional claim regarding unsanitary barbering practices was previously dismissed. *See* Docs. 20 & 35.

3.25, a patient is automatically referred to a specialist for valuation of treatment with anti-viral medications. *Id.* In this case, Davis' Fibrosis-4 score most recently registered at .74, well below the threshold for a referral for an off-site consult. *Id.* at ¶8. Moreover, Davis' levels have never indicated that his condition has worsened while in chronic care monitoring, nor is there any indication that he has experienced liver damage. *Id.* at 9.

Davis concedes that he receives regular monitoring but alleges that such does not constitute "treatment" for his illness. Doc. #60.

## II.
## Summary Judgment Standard

Summary judgment is proper only when the pleadings and evidence, viewed in a light most favorable to the nonmoving party, illustrate that no genuine issue of material fact exists, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a),(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A fact is deemed material if its resolution in favor of one party might affect the outcome of the lawsuit under governing law. *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 326 (5th Cir. 2009) (citation omitted). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citation omitted).

Once the motion is properly supported with competent evidence, the nonmovant must show that summary judgment is inappropriate. *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998); *see also Celotex*, 477 U.S. at 323. That is, the non-movant must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Beck*, 204 F.3d at 633. The nonmovant cannot rely upon "conclusory allegations, speculation, and unsubstantiated assertions" to satisfy his burden, but rather, must set forth specific facts showing the existence of a genuine issue as to every essential element of his

2

claim. *Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002) (citation omitted); *Morris*, 144 F.3d at 380. If the "evidence is such that a reasonable jury could return a verdict for the nonmoving party," then there is a genuine dispute as to a material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If no proof is presented, however, the Court does not assume that the nonmovant "could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

The non-moving party (the plaintiff in this case), must come forward with proof to support each element of his claim. The plaintiff cannot meet this burden with "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), "conclusory allegations," *Lujan v. National Wildlife Federation*, 497 U.S. 871, 871-73 (1990), "unsubstantiated assertions," *Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994), or by a mere "scintilla" of evidence, *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082 (5th Cir. 1994). In considering a motion for summary judgment, a court must determine whether the non-moving party's allegations are *plausible*. *Matsushita*, 475 U.S. at 586 (emphasis added). Determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (discussing plausibility of claim as a requirement to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6)) (quotation marks omitted).

Once the court has "determined the relevant set of facts and drawn all inferences in favor of the nonmoving party *to the extent supportable by the record*, [the ultimate decision becomes] a pure question of law." *Scott v. Harris*, 550 U.S. 372, 381 n.8 (2007) (emphasis in original). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on the motion for summary judgment." *Id.* at 380.

3

# III.
## Discussion

Named as Defendants in this action are the Mississippi Department of Corrections ("MDOC"), MDOC Superintendent Marshall Turner, Wexford Medical[2], and Health Services Director, Willie Knighten.

### A. Personal involvement

As an initial matter, the Court finds that Davis' claim that Defendant Knighten and/or Marshall Turner violated his constitutional rights must fail, as he provides no allegations to show that either personally was involved with his medical care or acted with deliberate indifference to his serious medical needs. *See Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) ("Section 1983 does not create supervisory or *respondeat superior* liability."). Davis has not demonstrated that Defendant Knighten nor Marshall Turner were personally involved in the alleged constitutional violation, or that they were connected to it. *See Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995) (holding plaintiff must "identify defendants who were either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged"). Therefore, Defendants Knighten and Turner are entitled to be dismissed from this action.

### B. Denial of medical care

A plaintiff's constitutional right to medical care is abridged only if officials acted with deliberate indifference to his medical needs, as deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment's prohibition against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1978). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825,

---

[2] Process was not successfully completed as to Wexford Medical. *See* Doc. 30.

839 (1994). Under this standard, a state actor is not liable under § 1983 unless the plaintiff alleges facts which, if true, would demonstrate that the prison official (1) knew that the inmate faced a substantial risk of serious harm; and (2) disregarded that risk by failing to take reasonable measures to abate it. *Farmer*, 511 U.S. at 847. Whether to provide additional medical treatment "is a classic example of a matter for medical judgment" that will generally not support a claim of deliberate indifference. *Estelle*, 429 U.S. at 107. Rather, liability under this demanding standard requires the plaintiff to produce evidence that prison officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any other similar conduct that would clearly evince a wanton disregard for any serious medical needs. *Davidson v. Texas Dept. of Crim. J.*, 91 F. App'x 963, 965 (5th Cir. 2004) (citation omitted); *see also Gobert*, 463 F.3d at 346 (holding that deliberate indifference requires inmate to show prison officials engaged in conduct that "clearly evince a wanton disregard for any serious medical needs").

In this case, the competent summary judgment evidence demonstrates that Davis receives continuous, on-going treatment for Hepatitis C, and that his Fibrosis-4 score is significantly less than the score triggering an automatic referral to an off-site specialist. *See* Doc. 52-1 at ¶¶ 6-8. The documented proof suggests that he has not experienced liver damage, and his levels have not worsened, such that he is at risk for liver damage. The fact that Davis desires additional treatment is insufficient to raise an issue of material fact on a claim of deliberate indifference. *See, e.g., Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Instead, the Court finds that the records of Davis' examinations, diagnoses, and medications rebut his allegation that he has been denied constitutionally adequate medical care. *See Banuelos v. McFarland*, 41 F.3d 232, 235 (1995) (noting records "may rebut an inmate's allegations of deliberate indifference"). Therefore, Davis has failed to state a claim against any named Defendant, and Defendants are entitled to summary judgment regarding Davis' claim for the denial of medical care.

C.  **Official capacity**

Although the Court has already determined that Davis has failed to substantiate his claim that he was denied a constitutional right, it nonetheless alternatively finds that the MDOC Defendants are entitled to qualified immunity insofar as this suit accuses them of wrongdoing in their official capacities. The Eleventh Amendment to the United States Constitution bars suits by private citizens against states in federal courts unless the particular state has waived its immunity, or Congress has abrogated the state's sovereign immunity. U.S. Const. Amend XI; *Perez v. Region 20 Educ. Service Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002). Mississippi has not waived its sovereign immunity. *See* Miss. Code Ann. § 11-46-5(4) ("Nothing contained in this chapter shall be construed to waive the immunity of the state from suit in federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States."). Additionally, "MDOC is considered an arm of the State of Mississippi" and is immune from suit. *See Williams v. Miss. Dep't of Corr.*, No. 3: 12cv259-CWR-FKB, 2012 WL 2052101, at *1 (S. D. Miss. June 6, 2012); *see also* Miss. Code Ann. § 47-5-1, *et seq*. Accordingly, the MDOC and Marshall Turner are entitled to Eleventh Amendment immunity as to the monetary claims against them in their official capacities.

IV.
**Conclusion**

For the reasons set forth herein, Defendants' motions for summary judgment [52][54] are **GRANTED**, and all Defendants are fully and finally dismissed from this action with prejudice. A final judgment consistent with this Order will enter today.

SO ORDERED, this 10 day of June, 2019.

GLEN H. DAVIDSON
SENIOR U.S. DISTRICT JUDGE